IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

JANET MOORE,

    Plaintiff,

v.                                        C.A. No.:   7:19-cv-288

BT CONSTRUCTORS, LLC, and,
KEITH C. BEAUGEZ,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JANET MOORE (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendants, BT CONSTRUCTORS, LLC, and KEITH C. BEAUGEZ (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, unpaid minimum wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, BT CONSTRUCTORS, LLC, has offices or conducts business in Midland County, Texas..

## THE PARTIES

4. Plaintiff, JANET MOORE, is an individual residing in Comal County, Texas.

5. Plaintiff, JANET MOORE, was employed by Defendants from October 19, 2018, through April 9, 2019 (25 workweeks), as an "Office Manager," whose duties were to perform payroll, human resources, accounting, and purchasing. Defendants failed to pay Plaintiff any compensation for the services she provided.

6. Defendant, KEITH C. BEAUGEZ, is an individual residing in Midland County, Texas.

7. Defendant, BT CONSTRUCTORS, LLC, primarily operates a business that performs oilfield construction work across the state of Texas.

8. Defendant, BT CONSTRUCTORS, LLC, is a Limited Liability Company established under the laws of the State of Texas.

9. Defendant, KEITH C. BEAUGEZ, at all times relevant to this matter acted directly or indirectly in the interest of Defendant, BT CONSTRUCTORS,

LLC, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

10. Defendant, KEITH C. BEAUGEZ, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment for employees, and (4) maintained employment records.

11. Defendant, BT CONSTRUCTORS, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff were employed.

12. At all times material to this complaint, Defendant, BT CONSTRUCTORS, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant, BT CONSTRUCTORS, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

15. Plaintiff was individually engaged in commerce and produced goods for commerce and her work was directly and vitally related to the functioning of Defendants' business activities.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

16. Plaintiff re-alleges and incorporated herein paragraphs 1- 15, *supra*, as though fully set forth herein.

17. Plaintiff 1) occupied a position as an Office Manager; 2) did not hold a position considered as exempt from the overtime provisions of the FLSA; and, 3) was never paid any compensation for the work she provided.

18. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

19. Plaintiff's regular and recurring schedule was from 7:30 a.m. until 5:30 p.m., Monday through Friday. Plaintiff usually took a one hour lunch break Monday through Friday. Additionally, Plaintiff averaged six hours of work on Saturdays and Sundays.

20. Plaintiff worked Plaintiff worked an average of eleven hours of overtime a workweek through her employment for which she was not compensated at one and one-half her regular rate.

21. Plaintiff is owed $2,990.63 in unpaid overtime wages (25 workweeks x

11 overtime hours x $7.25 minimum wage x 1.5 = $2,990.63).

22.     Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

23.     The work schedules for the Plaintiff required her to work in excess of 40 hours in a workweek on a regular and recurring basis.

24.     Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

25.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

26.     The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

27.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

28.     Plaintiff is entitled to an award of reasonable and necessary attorneys'

fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, JANET MOORE, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff her compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff her pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff re-alleges and incorporated herein paragraphs 1- 15, and 19, *supra*, as though fully set forth herein.

30. Plaintiff 1) occupied a position as an Office Manager; 2) did not hold a position considered as exempt from the minimum wage provisions of the FLSA; and, 3) was paid never paid by Defendants for the work she performed.

31. From October 19, 2018, through April 9, 2019, Plaintiff worked 40 regular, non-overtime hours in each workweek of her employment for which she

was not compensated at the then-current minimum wage of $7.25 per hour.

32. Plaintiff is owed $7,250.00 in unpaid minimum wages (25 workweeks x 40 hours x $7.25 minimum wage = $7,250.00).

33. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 6 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than the then-current minimum wage for all hours worked in a workweek.

34. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

35. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff are entitled to an award of liquidated damages in an equal amount as the amount of unpaid minimum wages pursuant to 29 U.S.C. § 216(b).

36. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation for all hours worked in a workweek.

37. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid that should have been paid.

38. Plaintiff is entitled to an award of reasonable and necessary attorneys'

fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, JANET MOORE, demands Judgment against Defendants, jointly and severally, for the following:

e. Awarding Plaintiff her compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

f. Awarding Plaintiff her pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

g. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

h. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, JANET MOORE, demands a jury trial on all issues so triable.

Respectfully submitted this December 13, 2019.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**

Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**